# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CATHY M., | No. CV 25-01822-DFM |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant.[1] | |

Plaintiff Cathy M. appeals the Commissioner's decision denying her application for disability insurance benefits.[2] For the reasons set forth below, the ALJ's denial of benefits is reversed, and this action is remanded to the Commissioner for further proceedings.

## I.   BACKGROUND

Plaintiff applied for disability insurance benefits on October 29, 2021,

---

[1] Frank Bisignano is the Commissioner of Social Security. Under Federal Rule of Civil Procedure 25(d), he is automatically substituted for Michelle King as Defendant in this action.

[2] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

alleging disability beginning on February 4, 2020. See Dkt. 8, Administrative Record ("AR") 242.[3] Plaintiff's claims were denied initially on December 29, 2022, see AR 186-90, and upon reconsideration on June 13, 2023, see AR 196-98. Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ") on December 7, 2023. See AR 28-62. The ALJ issued an unfavorable decision on February 9, 2024. See AR 9-25

The ALJ followed the five-step sequential evaluation process for determining whether an individual is disabled. See 20 C.F.R. § 404.1520(a). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 4, 2020, the alleged onset date. See AR 14. At step two, the ALJ found that Plaintiff has the following severe impairments: "degenerative disc disease of the cervical spine status post fusion, degenerative changes of the right knee, bilateral carpal tunnel syndrome and fibromyalgia." Id. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See AR 15.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b) except: "the claimant can occasionally perform postural activities; the claimant cannot climb ladders, ropes or scaffolds; the claimant can occasionally reach overhead bilaterally; the claimant can perform frequent but not constant handling and fingering bilaterally; the claimant must avoid unprotected heights." AR 16. At step four, based on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could perform her past relevant work as a preschool teacher. See

---

[3] Citations to the AR are to the record pagination. All other docket citations are to the CM/ECF pagination.

AR 20. Consequently, the ALJ found Plaintiff not disabled. See id.

The Appeals Council denied review of the ALJ's decision. See AR 1-5. Plaintiff then sought judicial review. See Dkt. 1.

## II.    LEGAL STANDARD

A district court will set aside a denial of benefits only if "it is either not supported by substantial evidence or is based on legal error." Luther v. Berryhill, 891 F.3d 872, 875 (9th Cir. 2018) (citation omitted). Under the substantial-evidence standard, the district court looks to the existing administrative record and determines "whether it contains sufficient evidence to support the agency's factual determinations." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (citation omitted) (cleaned up). "Substantial" means "more than a mere scintilla" but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (citation omitted). This threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." Id. at 1154, 1157. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## III.    DISCUSSION

The parties dispute whether the ALJ erred in (1) evaluating Plaintiff's subjective symptom testimony, and (2) finding that Plaintiff could perform her past relevant work. See Dkt. 9, Plaintiff's Brief ("Pl.'s Br."); Dkt. 13, Defendant's Brief ("Def.'s Br."); Dkt. 14, Plaintiff's Reply ("Reply").

### A.    Symptom Evaluation

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for rejecting her testimony. See Pl.'s Br. at 3-6.

#### 1. Plaintiff's Alleged Symptoms and Limitations

At the hearing, Plaintiff testified about the extent of her impairments. See AR 28-62. Plaintiff last worked in February 2020 as a preschool teacher.

See AR 33. Plaintiff stopped working after her doctor said another fall, trip, or accident could result in paralysis. See AR 33-34. Plaintiff does not work due to chronic pain that has continued despite a three-level fusion surgery in her cervical spine. See AR 35. She also suffers from fibromyalgia. See AR 39-40. Plaintiff takes Oxycodone for the pain, which is worst in her neck, back, and arms. See AR 41, 46. She has a moderate level of carpal tunnel syndrome that also causes her pain. See AR 35, 41. She experiences anxiety and depression. See AR 36. Plaintiff does not drive and alternates between walking, lying down, and sitting. See AR 47-48. Her husband takes care of all chores. See id.

Plaintiff submitted a Disability Report, which mirrored her hearing testimony. See AR 315-22. Plaintiff stated that she had trouble getting in and out of a car, standing up from a sitting position, walking downstairs, and sitting or standing for prolonged periods of time. See AR 316. She mentioned that she cannot look to her left or right without pain. See AR 318.

The ALJ accurately summarized Plaintiff's testimony as follows:

At the hearing, the claimant testified she last worked in February 2020 as a preschool teacher. She mentioned she stopped working due to increased back pain and her fall risk. The claimant mentioned she received retirement and social security benefits.

The claimant alleged she could not work due to neck and back pain, carpal tunnel syndrome, knee arthritis, fibromyalgia, anxiety and depression. She mentioned she experienced pain across her neck, back, arms and hands. The claimant contended she experienced anxiety and depression due to her physical symptoms. She indicated she experienced increased pain with sitting. The claimant mentioned she spent time alternating between walking, sitting and laying down during the day.

4

With regard to treatment, the claimant testified she underwent neck fusion surgery with hardware placement. She reported she maintained appointments with an orthopedist. The claimant contended she had been told she developed bone spurs in her neck. She mentioned she was hospitalized for one week with Covid-19 two years prior to the hearing. The claimant contended she took prescription medication for anxiety and depression that was prescribed by her general practitioner. She indicated she took oxycodone and over the counter medication for pain on an as needed basis. The claimant reported she underwent injections for pain. She mentioned she wore braces for carpal tunnel at night.

The claimant indicated she lived with her husband, their daughter and two of their grandchildren. She mentioned she no longer drove and had last driven a vehicle prior to undergoing neck surgery. The claimant contended she relied on her husband for transportation. She indicated her husband performed the chores for the household.

AR 16-17 (paragraph breaks added).

### 2. Applicable Law

The ALJ applies a two-step analysis to assess a claimant's credibility for symptom severity. See Trevizo v. Berryhill, 871 F.3d 664, 678 (9th Cir. 2017). Once the claimant "has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged," then, absent evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Id. (citation omitted).

"The clear and convincing standard is the most demanding required in Social Security cases." Id. (citation omitted). The ALJ's findings "must be

sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." Brown-Hunter v. Colvin, 806 F.3d 487, 493 (9th Cir. 2015) (citation omitted). However, "an ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to the Social Security Act." Smartt v. Kijakazi, 53 F.4th 489, 499 (9th Cir. 2022) (citation and internal quotation marks omitted). The clear and convincing "standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." Id.

### 3. Analysis

The ALJ partially rejected Plaintiff's testimony at the second step, concluding that her medically determinable impairments could reasonably be expected to cause her alleged symptoms, but that her "statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 17.

Specifically, the ALJ reasoned that despite Plaintiff's treatment records documenting tenderness, a history of neck surgery, and trigger point injections, her record did not show that she used an assistive device and was noted by the consultative examiner to have full motion of the shoulders, elbows, wrists, and hands. See id. (citing AR 632-40). Additionally, the ALJ explained that although her records documented limited motion of the neck and back and some knee tenderness, she had intact sensation and was able to perform heel, toe, and tandem walk. See id.

Although an ALJ may use "inconsistent objective medical evidence in the record to discount subjective symptom testimony," the ALJ "cannot effectively render a claimant's subjective symptom testimony superfluous by

demanding positive objective medical evidence fully corroborating every allegation within the subjective testimony." Smartt, 53 F.4th at 498 (cleaned up); see Coleman v. Saul, 979 F.3d 751, 756 (9th Cir. 2020) ("An ALJ, however, may not discredit the claimant's subjective complaints solely because the objective evidence fails to fully corroborate the degree of pain alleged."). Thus, to satisfy the substantial evidence standard, the ALJ must provide specific, clear, and convincing reasons which explain why the medical evidence is inconsistent with the claimant's subjective symptom testimony. See Lingenfelter v. Astrue, 504 F.3d 1028, 1035-38, 1040 (9th Cir. 2007); Ferguson v. O'Malley, 95 F.4th 1194, 1200-01 (9th Cir. 2024) (remanding where ALJ failed to expressly and specifically state how claimant's symptom testimony was inconsistent with any particular record evidence).

Here, the ALJ did not provide clear and convincing reasons explaining why the medical evidence was inconsistent with Plaintiff's pain symptom testimony. The ALJ acknowledged Plaintiff's extensive treatment records—which included MRI findings revealing degenerative disease throughout the cervical spine, physical examinations revealing tenderness, pain, and spasms, trigger point injections, lidocaine injections, use of strong opiates, and three-level fusion surgery—but noted that Plaintiff did not use an assistive device. See AR 17. However, the ALJ did not explain, and the Court does not see, why Plaintiff's non-use of an assistive device is inconsistent with her testimony about her chronic pain and ambulatory limitations. Indeed, Plaintiff did not state that she was fully incapacitated, instead testifying that she spent time alternating between walking, sitting, and lying down during the day. See AR 47-48.

The ALJ also noted the consultative examiner's findings that Plaintiff had full motion of the shoulders, elbows, wrists, and hands, and could perform heel, toe, and tandem walk. See AR 17 (citing AR 632-40). Again, it is not

evident why or how those exam results are <u>inconsistent</u> with Plaintiff's testimony that she suffers from chronic pain in her neck and back. To the contrary, the consultative examiner noted tenderness and limited range of motion of the cervical and lumbar spines. <u>See</u> AR 634-35, 637.

The Commissioner argues that the ALJ properly found Plaintiff did not present evidence of a level of treatment commensurate with her claims of disabling limitations. <u>See</u> Def.'s Br. at 5-6 (citing AR 15-16, 35-36, 222). But as the Commissioner notes, that finding was specific to Plaintiff's allegations concerning her mental impairments, not her physical limitations. <u>See id.</u> The Commissioner also argues that Plaintiff's testimony was inconsistent with the findings from the State agency medical consultants. <u>See id.</u> at 7 (citing AR 19). While "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony," an ALJ must still "identify what testimony is not credible and what evidence undermines the claimant's complaints." <u>Carmickle v. Comm'r, Soc. Sec. Admin.</u>, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, the ALJ found that the consultants' opinions "were consistent with the objective findings" but did not explain how they undercut Plaintiff's testimony.

The ALJ's credibility finding was not supported by substantial evidence.

**B.    Past Relevant Work**

Plaintiff argues that the Court should review the ALJ's decision consistent with the June 22, 2024 regulation amendment that changed the definition of "past relevant work" from 15 years to 5 years. <u>See</u> Pl.'s Br. at 6-9. Plaintiff asserts that application of the new regulation would compel a determination that she is disabled under the Commissioner's Medical Vocational Guideline Rule. <u>See id.</u> at 8.

While Plaintiff's request for review was pending, the SSA amended the regulations under both Title II and Title XVI to shorten the 15-year period to a

five-year period. <u>See</u> 89 Fed. Reg. 27653 (Apr. 18, 2024). The amendment applies to "claims newly filed and pending beginning on June 22, 2024." 89 Fed. Reg. 48138 (June 5, 2024). Consistent with this guidance, the Ninth Circuit has declined to apply the new regulation to appeals in which the ALJ decision became final before June 22, 2024. <u>See</u> <u>McClune v. Dudek</u>, No. 24-2911, 2025 WL 1099701, at *2 (9th Cir. Apr. 14, 2025) ("Because McClune's application was filed in 2016, and the ALJ's decision became the final decision of the Commissioner in 2023, and because the Commissioner has issued a Social Security Ruling explaining that the new definition is intended to be applied prospectively in ALJ decisions issued on or after June 22, 2024, we decline to apply the new regulation in this appeal."); <u>Dodge v. Dudek</u>, No. 24-2899, 2025 WL 1099705, at *2 (9th Cir. Apr. 14, 2025) (same). Here, by contrast, the ALJ's decision became the final decision of the Commissioner on January 27, 2025, when the Appeals Council denied Plaintiff's request for review. <u>See</u> 42 U.S.C. § 405(g). Accordingly, the revised rules apply.

Plaintiff asserts that under the amended regulations, she has no past relevant work history. <u>See</u> Pl.'s Br. at 8. But the ALJ found that Plaintiff had not engaged in any substantial gainful activity since February 4, 2020, <u>see</u> AR 14, within five years of the date the Appeals Council denied review on January 28, 2025, <u>see</u> AR 1-5.[4] What's more, the Commissioner appears to be correct that the relevant date is the ALJ's decision issued in February 2024, not when

---

[4] Plaintiff asserts that the "sole job that she performed in this five-year period is an eight-day work effort that lasted from January 28, 2025, to February 5, 2025." Pl.'s Br. at 8; <u>see also</u> Reply at 6 ("[Plaintiff] worked as a preschool teacher only for the period of January 28, 2025, to February 5, 2025, a mere eight days."). It is possible that Plaintiff meant to reference the year 2020 instead of 2025, since her alleged disability onset date is February 4, 2020. If the 2025 date is not a typographical error, it is unclear how eight days of work in that year impacts the applicable lookback period.

the Appeals Council declined to review it. Recently, in <u>Obrien v. Bisignano</u>,
142 F.4th 687, 702 (9th Cir. 2025), the district court found that the relevant
date was when the agency initially denied benefits. The Ninth Circuit reversed:
"Here, because the Appeals Council denied review, the relevant 'adjudication'
is the ALJ's decision." <u>Id.</u>

Regardless of how the lookback window is calculated, Plaintiff last
performed her past relevant work as a preschool teacher within the 5-year
timeframe. Reversal is not warranted on this alleged error.

### C.    <u>Remand Is Warranted</u>

Whether to reverse and remand for further administrative proceedings,
or to reverse and simply award benefits, is within the discretion of the district
court. <u>See</u> <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir. 2000). Remand is
appropriate where there are outstanding issues that must be resolved before a
determination of disability can be made and it is not clear from the record that
the ALJ would be required to find the claimant disabled if all the evidence
were properly evaluated. <u>See</u> <u>Bunnell v. Barnhart</u>, 336 F.3d 1112, 1115-16 (9th
Cir. 2003). Here, the Court recommends remand to allow the ALJ to properly
consider Plaintiff's subjective symptom testimony and to conduct other
proceedings as warranted.

## IV.    CONCLUSION

The ALJ's denial of benefits is reversed, and this action is remanded to
the Commissioner for further proceedings consistent with this opinion.

Date: August 15, 2025

DOUGLAS F. McCORMICK
United States Magistrate Judge